1  Paul I. Menes (CA SBN 097736)
   Anthony K. McClaren (CA SBN 232515)
2  TELIKOS LAW CORPORATION
   4223 Glencoe Ave., Suite C203
3  Marina del Rey, CA 90292
   Telephone: (323) 741-6500
4  Fax: (323) 426-2405
   pim@telikoslaw.com
5  akm@telikoslaw.com

6  Attorneys for Plaintiffs
   KYLA STEINKRAUS; PAPER MOON PRESS LLC

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                    **WESTERN DIVISION**

10

11  KYLA STEINKRAUS, an individual,
    professionally known as KYLA STONE;      Case No.
12  PAPER MOON PRESS LLC, a Michigan
    Limited Liability Company,               **COMPLAINT FOR:**

13              Plaintiffs,                   **1) BREACH OF CONTRACT**

14  v.                                        **2) COPYRIGHT INFRINGEMENT**
                                                 **17 U.S.C. §§501, *et seq.*;**
15
    POCKET FM CORPORATION, a                  **3) TRADEMARK INFRINGEMENT**
16  Delaware corporation; and DOES 1-20,         **15 U.S.C §§1114, *et seq.*;**
    inclusive,
17                                             **4) COMON LAW TRADEMARK**
                Defendants.                       **INFRINGEMENT;**
18
                                              **5) FRAUD;**
19
                                              **6) MISREPRESENTATION;**
20
                                              **7) BREACH OF IMPLIED**
21                                               **COVENANT OF GOOD FAITH AND**
                                                 **FAIR DEALING.**
22
                                              **JURY TRIAL DEMANDED**
23

24

25  Plaintiffs KYLA STEINKRAUS, an individual, professionally known as KYLA

26  STONE, and PAPER MOON PRESS LLC, for their complaint against Defendants

27  POCKET FM CORPORATION and DOES 1-20, claim and allege as follows:

28  //

1

## THE PARTIES

2      1.     KYLA STEINKRAUS, an individual, professionally known as KYLA

3   STONE ("**Stone**"), is an individual residing in Berrien Springs, Michigan. PAPER

4   MOON PRESS LLC ("**PM**") is a limited liability company organized under the laws of

5   the state of Michigan. (Stone and PM are sometimes for convenience each individually

6   referred to in this Complaint as a "**Plaintiff**", and collectively as "**Plaintiffs**").

7      2.     POCKET FM CORPORATION ("**Defendant**") is a corporation organized

8   under the laws of the state of Delaware, with its registered office in Sussex County,

9   Delaware, and on information and belief, its principal U.S. place of business in Los

10  Angeles County, California.

11     3.     Plaintiffs are ignorant of the true names and capacities of Defendants sued

12  in this Complaint as Does 1 through 20, inclusive, and therefore sues these Defendants

13  by such fictitious names. Plaintiffs will amend this Complaint to allege their true names

14  and capacities once they ascertain them. Plaintiffs are informed and believe and on that

15  basis allege that each of the fictitiously named Defendants is responsible in some

16  manner for the occurrences alleged in this Complaint, and that Plaintiffs' damages as

17  alleged in this Complaint were proximately caused by their conduct, or that such

18  Defendants ratified or participated in the conduct causing such damages.

19

## JURISDICTION AND VENUE

20     4.     This lawsuit arises under both Acts of Congress and State and Federal

21  law including without limitation, relating to copyright 17 U.S.C. §§501, *et seq,* and

22  trademark infringement under 15 U.S.C §§1051 *et seq*. This Court has subject matter

23  jurisdiction under 17 U.S.C.§§501 *et seq*. and 17 U.S.C. §§1114, and has supplemental

24  jurisdiction over Plaintiffs' state law claims, because these claims arise from the same

25  case, the same controversy, and the same transactions and occurrences, as well as

26  because the claims all derive from a common nucleus of operative facts, and would

27  ordinarily be expected to be adjudicated along with the federal statutory claims raised

28  in this Complaint.

2.                              COMPLAINT

1    5.    The Court has personal jurisdiction over all Defendants and venue is
2  proper in this Court pursuant to 28 U.S.C. §1391 and applicable law authorizing suit in
3  this venue because, *inter alia:* Plaintiffs are informed and believe and thereon allege
4  that Defendant's principal U.S. place of business is in Los Angeles County, California;
5  and, because the Agreement (as defined in paragraph 6 below) states that disputes
6  between the parties are to be heard in "(c)ourts in California, City of Los Angeles".

7                    **FACTUAL NATURE OF THE CASE**

8    6.    On or about June 3, 2024 Plaintiff Stone and Defendant entered into a
9  written "License Agreement" (the "**Agreement**"), pursuant to which Stone intended to
10  grant Defendant the exclusive right to create sound recordings ("**Audio**
11  **Adaptations**") of Stone's series of literary works entitled "Edge of Collapse" and
12  "Lost Light" (the "**Licensed Title(s)**"), in consideration for and expressly conditioned
13  on the payment to Stone of certain monies, and provision to Stone of other
14  consideration, as detailed in the Agreement. A true and correct copy of the Agreement
15  is attached to this Complaint as Exhibit A, and incorporated into it by this reference.

16    7.    These monies were comprised of the payment of twenty two thousand
17  U.S. dollars ($22,000) (the "**Minimum Guarantee**") within thirty (30) day after
18  execution of the Agreement, as provided for in subparagraph 5.1 of the Agreement,
19  quarterly financial statements and other pertinent documents evidencing certain
20  percentages of Audio Adaptation monetization ("**Financial Statements**"), and then
21  those amounts of Audio Adaptation monetization ("**Revenue Share**"), as provided for
22  in subparagraphs 5.2 and 5.5 of the Agreement.

23                        **FIRST CAUSE OF ACTION**

24              **(Breach of Contract Against All Defendants)**

25    8.    Plaintiffs here incorporate paragraphs 1 through 7 of this Complaint as
26  though fully set out here.

27    9.    Defendants and each of them (now individually and collectively referred
28  to for convenience in this Complaint as "**Defendants**") breached the Agreement by

                        3.                    COMPLAINT

1    without limitation: failing to timely or subsequently provide the Minimum Guarantee

2    since July of 2024, and any Financial Statements, despite Stone's repeated demands,

3    and Defendant's repeated promises, to do so; and, failing to credit Stone as the author

4    of the "Edge of Collapse" Licensed Title on either the Audio Adaptations, or on the

5    platforms on which they appeared.

6         10.    As a proximate result of this conduct, Plaintiff has been damaged in an

7    amount according to proof at time of trial.

8                          **SECOND CAUSE OF ACTION**

9         **(Copyright Infringement, 17 U.S.C. § 501, *et seq.* Against All Defendants)**

10        11.    Plaintiffs here incorporate paragraphs 1 through 10 of this Complaint as

11    though fully set out here.

12        12.    Plaintiffs have complied with all statutory formalities of the Copyright

13    Act of 1976, as amended, with respect to the registration of protectible elements of the

14    Licensed Titles, as reflected in U.S. registration nos. TX0009028095, TX0009027841,

15    TX0009027881, TX0009027519, TX0009027529, TX0009027517, TX9499512,

16    TX9499504, TX0009028095, TX0009027841, TX0009027881, and TX0009027519.

17        13.    The acts by Defendants described in the Factual Nature of the Case above

18    constitute unauthorized distribution, licensing, and commercial exploitation of

19    Plaintiffs' copyrighted Licensed Titles, which infringe Plaintiffs' exclusive rights in

20    the Licensed Titles in violation of 17 U.S.C. § 101 *et seq.*

21        14.    Such infringement of Plaintiffs' copyrighted work includes without

22    limitation, Defendants' continuing to exploit the Licensed Titles despite their failure

23    to provide the express consideration for the license from Plaintiffs to do so – the

24    Minimum Guarantee and Financial Statements, even after Plaintiffs' repeated

25    demands to do so, and to cease their exploitation as a result.

26        15.    Defendants consequently did not have the right to exploit the Licensed

27    Titles per the Agreement, or otherwise. Their doing so was done willfully,

28    maliciously, and intentionally.

COMPLAINT

16.    Defendants' conduct has at all times been knowing, willful, and with complete disregard for Plaintiffs' rights.

17.    As a proximate and foreseeable result of Defendants' wrongful conduct, Plaintiff has been irreparably harmed and sustained injury and damage.

18.    As a result of Defendants' copyright infringement, Plaintiffs are entitled to their actual damages and Defendants' profits from these infringements, in an amount according to proof at time of trial. Alternatively, Plaintiff is entitled to statutory damages for willful and intentionally infringement in the amount of one hundred fifty thousand dollars ($150,000) per Licensed Title, pursuant to 17 U.S.C. §504, for a total of one million eight hundred thousand dollars ($1,800,000).

19.    With knowledge of the above described infringement, each Defendant has induced, caused, or materially contributed to, the infringing conduct of each other, such that each and all should be found to be contributorily liable for the acts of the others.

20.    Each Defendant had the right and ability to control other infringers and have derived a direct financial benefit from those infringements such that Defendants also should be found to be vicariously liable.

### THIRD CAUSE OF ACTION

**(Trademark Infringement, 15 U.S.C §§1051, *et seq*., Against All Defendants)**

21.    Plaintiffs here incorporate paragraphs 1 through 20 of this Complaint as though fully set out here.

22.    Plaintiff PM owns the federal trademark registration for the mark Edge of Collapse, in trademark classes 09 and 16, bearing registration number 6894904 and has been using this mark continually in interstate commerce since on or before December, 2019. Plaintiff PM additionally owns the trademark "Lost Light", in trademark classes 09 and 16, and has been using this mark continually in interstate commerce since on or before January, 2022. Plaintiff PM applied on February 25, 2025, pursuant to 15 U.S.C. §1051, to register this mark for trademark in the U.S.

1  Patent and Trademark Office, bearing application number 99055781.

2      23.    During these periods, Plaintiffs have taken all actions necessary to
3  maintain trademark protections for these marks under applicable laws.

4      24.    The actions of Defendants described above, and Defendants' use of these
5  marks in commerce, constitute trademark infringement in violation of 15 U.S.C.
6  §§1114 and 1125, in that without limitation, Defendants have used these marks in
7  connection with the sale, offering for sale, distribution, and advertising of Plaintiffs'
8  class 09 and 16 goods under their marks, without Plaintiffs' consent. Without
9  limitation, Plaintiffs' lack of consent is due to without limitation, the failure of
10  consideration in the Agreement or otherwise, to Plaintiffs for these rights.

11      25.    Defendants' adoption and use of Plaintiff's marks has caused and will
12  continue to cause irreparable injury to the value and goodwill of Plaintiffs' marks, as
13  well as to Plaintiffs' business, goodwill, and reputation. Defendants' actions, if not
14  enjoined, will continue. Plaintiffs have no adequate remedy at law in that the amount
15  of its damages may be difficult to ascertain with certainty.

16      26.    As a proximate result of Defendants' infringement, Plaintiff has incurred
17  damages in an amount to be proven at trial.

18      27.    Defendants' actions as described above are deliberate, willful, fraudulent,
19  and without any extenuating circumstances, constitute a knowing violation of
20  Plaintiffs' rights. Plaintiffs are therefore entitled to recover three times the amount of
21  its actual damages, and attorneys' fees and costs incurred in this action, as this is an
22  "exceptional" case under 15 U.S.C. §1117.

23                        **FOURTH CAUSE OF ACTION**
24        **(Common Law Trademark Infringement Against All Defendants)**
25      28.    Plaintiffs here incorporate paragraphs 1 through 27 of this Complaint as
26  though fully set out here.

27      29.    The Defendants' above-averred actions constitute trademark infringement
28  and passing off in violation of California common law.

COMPLAINT

## FIFTH CAUSE OF ACTION

### (Fraud Against All Defendants)

30.    Plaintiffs here incorporate paragraphs 1 through 29 of this Complaint as though fully set out here.

31.    Plaintiff entered into the Agreement with Defendants, relying on Defendant PFM's repeated representations that it would timely and fully abide by the terms of the Agreement.

32    Defendants intentionally and fraudulently represented to Stone that they were able to and: would timely pay Stone the Minimum Guarantee; and, would timely provide Stone with the required quarterly Financial Statements.

33.    At no time did Defendants have the intention of fully performing under the Agreement. Instead, Defendants knew that Defendants would not abide by the terms of the Agreement including but not limited to: timely or ever paying Stone the Minimum Guarantee; timely or ever providing Stone with the required quarterly Financial Statements; and, continuing the exploit the Licensed Titles without any valid license to do so. The absence of a valid license was due to Defendants' failure to provide the consideration due Stone to allow them to exploit the Licensed Titles, and after Stone's repeated demands, to consequently cease such exploitation and the continuing violation of Plaintiffs' valuable intellectual property rights as a result. Proof of the failure to provide Stone with the required Financial Statements is evidenced by Defendant PFM's email dated July 26, 2025 to Plaintiffs' lawyer. That email indicates that despite the fact the initial Financial Statement was due to Stone no later than October 1, 2024, neither that Financial Statement, any subsequent ones, nor anything approximating one, have yet to even be prepared by or on behalf of Defendants. A true and correct copy of that July 26, 2025 email is attached as Exhibit B to this Complaint, and incorporated into it by this reference.

34.    To the date of this Complaint, Stone has not received either the Minimum Guarantee or any required Financial Statements, in whole or in part, despite Stone's

7.

COMPLAINT

repeated requests, and Defendants' repeated promises, to do so.

35.    Plaintiffs justifiably relied on Defendants' intentional and fraudulent misrepresentations by signing the Agreement, and providing Defendants with the Licensed Titles. Defendants were ignorant of Defendants' secret intention not to perform per the Agreement and could not, in the exercise of reasonable diligence, have discovered Defendants' secret intention. Plaintiffs were harmed by this reliance.

36.    As a proximate result of this conduct, Defendants have been damaged in an amount according to proof at time of trial, but in an amount of no less than $22,000, plus interest.

37.    In doing the acts alleged in this Fifth Cause of Action, Defendants acted with oppression, fraud, and malice, and Defendants are entitled to punitive damages in an amount to be determined at time of trial.

## SIXTH CAUSE OF ACTION

### (Negligent Misrepresentation Against All Defendants)

38.    Plaintiffs here incorporate paragraphs 1 through 37 of this Complaint as though fully set out here.

39.    Defendants represented to Plaintiffs that Defendant PFM would timely and fully abide by the terms of the Agreement.

40.    All of the representations in paragraph 39 above were untrue, and Defendants had no reasonable grounds for believing these representations were true when Defendants made them to Plaintiffs.

41.    Defendants intended that Plaintiffs rely on these misrepresentations, and Plaintiffs did reasonably rely on them.

42.    Plaintiffs were harmed by Defendants' misrepresentations, which reliance was a substantial factor in causing this harm to Plaintiffs.

44.    As a proximate result of this conduct, Plaintiffs have been damaged in an amount according to proof at time of trial, but in an amount of no less than $22,000,

COMPLAINT

1  plus interest.

2  ## SEVENTH CAUSE OF ACTION

3  ### (Breach of Implied Covenant of Good Faith and Fair Dealing

4  ### Against All Defendants)

5  45.  Plaintiffs here incorporate paragraphs 1 through 44 of this Complaint as

6  though fully set out here.

7  46.  Upon information and belief, each of Defendants' warranties,

8  representations, covenants, and obligations set out in the Agreement was alternatively

9  an implied covenant of the Agreement, which Defendants and each of them breached.

10  47.  Plaintiff has performed each and every act required if it by the

11  Agreement, or is otherwise excused from performance.

12  48.  As a proximate result of this conduct, Plaintiff has been damaged in an

13  amount according to proof at time of trial.

14  ## PRAYER

15  **WHEREFORE,** Plaintiffs pray for the following relief:

16  A.    For the First Cause of Action, an award of their general, compensatory

17  damages, and other damages according to proof at time of trial; an order of this Court

18  that the Agreement is rescinded or never valid, and of no further force and effect; and,

19  an award of Plaintiffs' reasonable attorneys' fees and their costs of suit.

20  B.    For the Second Cause of Action, an award of their actual damages and

21  Defendants' profits from these infringements, in an amount according to proof at time

22  of trial. Alternatively, an award of statutory damages for willful and intentional

23  infringement in the amount of $150,000 per infringement, for a total of $1,800,000,

24  pursuant to 17 U.S.C. §504.

25  C.    For the Second Cause of Action, an award of Plaintiffs' reasonable

26  attorneys' fees and their costs of suit, pursuant to 17 U.S.C. §505.

27  D.    For the Third Cause of Action, an award of a permanent injunction

28  against Defendants' exploitation of the Licensed Titles and Audio Adaptations, per 15

COMPLAINT

1  U.S.C §1116, three times Plaintiffs' actual damages, and Defendants' profits from

2  these infringements, per U.S.C. §1117, in an amount according to proof at time of

3  trial.

4      D.      For the Fourth, Fifth, Sixth, and Seventh Causes of Action, for an award

5  in an amount according to proof at time of trial including but not limited to, punitive

6  and exemplary damages where applicable;

7      E.      For all Causes of Action, pre-judgment and post-judgement interest as

8  provided for by applicable law; and, reasonable attorneys' fees and costs as provided

9  by the Agreement and/or applicable law; and,

10     F.      For such other and further relief as the Court may deem just and proper in

11  the interests of justice.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues so triable in this action.

Dated: August 19, 2025

Respectfully Submitted,
TELIKOS LAW CORPORATION

By: _____
Paul I. Menes
Attorneys for Plaintiffs
KYLA STEINKRAUS; PAPER MOON PRESS
LLC.

10.

COMPLAINT