UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8956 PA (PVCx) | Date | October 29, 2025 |
|---|---|---|---|
| Title | Kyla Steinkraus, et al. v. Pocket FM Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

The Court is in receipt of the Complaint filed by plaintiffs Kyla Steinkraus, pen name Kyla Stone ("Stone") and Paper Moon Press LLC (jointly "Plaintiffs") against defendant Pocket FM Corporation. ("Defendant"). The Complaint alleges that Stone and Defendant entered into a License Agreement, pursuant to which Stone granted Defendant the exclusive right to create sound recording of Stone's series of literary works, in consideration for and expressly conditioned on payment to Stone of certain monies. Plaintiffs allege that Defendant has failed to make required payments under the License Agreement and failed to credit Stone as the author on the literary series on the platforms on which the audio adaptations appear. The Complaint alleges claims for copyright and trademark infringement, as well as state law claims for breach of contract, common law trademark infringement, fraud, misrepresentation, and breach of implied covenant of good faith and fair dealing.

After Plaintiffs filed the Complaint on September 19, 2025, Plaintiffs then filed a First Amended Complaint ("FAC") on October 27, 2025. (Docket No. 11.) The FAC appears to be nearly identical to the original Complaint. Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading as a matter of course either (1) within 21 days of serving it or (2) if a responsive pleading is required, within 21 days of being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). In all other cases, the party seeking to amend must obtain the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Here, Plaintiffs have not filed a proof of service as to Defendant, there is no indication that Defendant has been served. Thus, Plaintiffs have not shown that they were entitled to file the FAC as a matter of course under Rule 15(a)(1). Accordingly, the Court orders Plaintiffs to show cause in writing why the FAC should not be stricken as filed in violation of Rule 15.

In addition, according to the License Agreement attached to the Complaint, Stone and Defendant have agreed that "[a]ny dispute arising out of or in connection with this Agreement . . . shall be referred to and finally resolved by arbitration." (Docket No. 1-1, § 12.2.) Plaintiffs therefore appear to have commenced this action in this Court in a manner contrary to

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8956 PA (PVCx) | Date | October 29, 2025 |
|---|---|---|---|
| Title | Kyla Steinkraus, et al. v. Pocket FM Corporation, et al. | | |

the parties' agreement.  When a party to an agreement to arbitrate commences an action subject to an arbitration agreement, the Federal Arbitration Act directs district courts to stay the action pending completion of the arbitration.  See 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.").

     The Court therefore orders Plaintiffs to show cause in writing why this action should not be stayed or dismissed without prejudice for improper venue as a result of the arbitration provision.  Plaintiffs' Response to this Order to Show Cause, which shall not exceed seven (7) pages, shall be filed no later than November 17, 2025.  Plaintiffs shall personally serve a copy of this Order on any Defendant within three (3) court days of the date of this Order, or, if Defendant has not already been served, at the time of service.  Defendant may file a Response no later than 21 days after it is served with the Summons and Complaint.

     Plaintiffs are warned that failure to timely or adequately respond to this Order to Show Cause may result in the imposition of sanctions, including but not limited to dismissal of this action without prejudice.

     IT IS SO ORDERED.